UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| GEORGE WOODALL, ET AL. | * | CIVIL ACTION NO.  14-0818 |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 9] filed by plaintiffs George Woodall and Linda Woodall.[1]  The motion is opposed.  For reasons stated below, the motion is **GRANTED**.

## Background

On March 20, 2014, George Woodall and Linda Woodall, husband and wife (the "Woodalls"), filed the instant petition for damages in the 11th Judicial District Court, for the Parish of Sabine, State of Louisiana, against defendants, Gladys Biver and Donald Biver (the "Bivers"), and the Bivers' insurer, State Farm Fire and Casualty Company ("State Farm").  The Woodalls allege that on June 27, 2013, the Bivers' home caught fire, which then spread to the Woodalls' property, burning down the Woodalls' mobile home and its contents.  (Petition, ¶¶ 2-5).  The Woodalls contend that defendants are responsible for the losses they sustained as a result of the fire, including three and one-half months of "[r]ental income paid for lot where mobile

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

home was located at $120.00 per month . . .;" cost incurred to haul off the mobile home and clean-up burn residue; loss of 1984 Peachtree mobile home and its contents; dirt placed around mobile home pad after cleanup; the cost to cut down burned trees on lot; loss of aesthetic value of trees; lumber, screws, pvc, etc.; linens in three bedrooms; various plumbing materials; sakrete, conduits, brackets, etc.; and electrical pole & turning on electricity. (Petition, ¶¶ 7.1-7.20).

On April 16, 2014, all three defendants removed this matter to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).[2] On May 14, 2014, plaintiffs filed the instant motion to remand the case to state court because the amount in controversy does not exceed $75,000, and therefore, the court lacks subject matter jurisdiction. Defendants filed their opposition on May 20, 2014. Plaintiffs filed a reply brief on May 28, 2014. Briefing is now complete; the matter is before the court.

### Law and Analysis

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a).

"The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of

---

[2] Incorrectly titled by defendants as, "*Petition* for Removal."

removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

In this case, defendants invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiffs do not contest that the parties are diverse; rather, they dispute defendants' contention that the amount in controversy exceeds the jurisdictional minimum.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> \*     \*     \*
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, subject to the caveat discussed in greater detail below, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). Thus, removing defendants must allege

3

facts in the notice of removal sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be supported by conclusory allegations, however. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (citations omitted). Furthermore, whenever the removing defendant is able to establish by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, then plaintiff still may defeat jurisdiction by establishing that it is legally certain that his recovery will not exceed the amount stated in his complaint. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378 (5th Cir. 2009) (citations and internal quotation marks omitted). When resolving a motion to remand, it is axiomatic that the court looks at jurisdictional facts as they exist at the time the case was removed. *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

In the case at bar, the notice of removal alleged in conclusory fashion that the amount in controversy exceeded $75,000 based solely upon defense counsel's "opinion" after reviewing the

allegations in plaintiffs' petition. (Notice of Removal, ¶ 11). However, a removing defendant's bare allegation that the amount in controversy exceeds $75,000 does not suffice to meet its jurisdictional burden. *See Deamer v. TA Operating, LLC*, Civ. A. No. 12-2625, 2012 WL 5877982 (W.D. La. Nov. 20, 2012). Moreover, other than counsel's opinion, defendants made no effort in their notice of removal to demonstrate that the amount in controversy actually exceeds $75,000. *Id*.

In their opposition memorandum, defendants emphasize that under Louisiana Code of Civil Procedure Article 893, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction. La. Code Civ. P. Art. 893A. Defendants argue that because plaintiffs did not include such an allegation, this omission necessarily supports a finding that the jurisdictional minimum is satisfied in this case. *See Clayton v. Am. Sec. Ins. Co.*, 466 F. Supp. 2d 720, 723 (M.D. La. 2006). Other courts, however, have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

The instant case aptly illustrates the foregoing point. In support of their motion to remand, plaintiffs adduced evidence that their 1984 Peachtree mobile home was worth no more than $6,400. (Affidavit of Terry Cox; M/Remand, Exh. 1). The Woodalls also submitted their own affidavit in which they averred that all items of lost property, including the 1984 mobile home, have a total value of less than $40,000. (Affidavit of George and Linda Woodall; Pl. M/Remand, Exh. 2). In addition, plaintiffs submitted evidence that they paid but $2,850 to remove their trailer and for clean-up. (Invoice and Check from/to Clark's Trucking of Many; Pl.

M/Remand, Exh. 3). Plaintiffs further agreed not to accept any damages greater than $75,000. (Affidavit of George and Linda Woodall; Pl. M/Remand, Exh. 2).

Defendants contend that the court cannot consider the post-removal affidavits, and that, in any event, the affidavits fail to address plaintiffs' claim for loss of use of the property. However, a court may consider post-removal affidavits in determining the amount in controversy at the time of removal so long as the basis for jurisdiction is ambiguous at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir.1993)). Relatedly, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id*. (citations omitted).

The court finds that the foregoing conditions for the consideration of post-removal affidavits are satisfied in this case. Importantly, it is not facially apparent from the petition that plaintiffs' damages exceed $75,000. At best, the amount in controversy was ambiguous. Thus, even without consideration of plaintiffs' affidavits and evidence, defendants failed to meet their burden to establish amount in controversy. Plaintiffs' post-removal affidavits and evidence merely accentuate the insufficiency of defendants' showing. According to this evidence, the value of the mobile home and its contents does not exceed $40,000. Furthermore, contrary to defendants' contention, plaintiffs quantified their damages for loss of use as $420 ($120/mo. x 3.5 months). Given that plaintiffs' cleanup and removal costs totaled less than $3,000, it is very unlikely that plaintiffs' remaining items of damages are significant enough to propel the case

beyond the requisite threshold for the exercise of federal diversity jurisdiction.

### Conclusion

In sum, plaintiff's petition does not support diversity jurisdiction on its face, nor did removing defendants allege or aver additional facts which would support federal jurisdiction. *See Simon, supra*. Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c).[3]

For the foregoing reasons,

IT IS ORDERED that the motion to remand [doc. # 9] filed by plaintiffs George Woodall and Linda Woodall is hereby GRANTED; by separate judgment, the case shall be REMANDED to the Eleventh Judicial District Court for the Parish of Sabine, State of Louisiana.

In Chambers, at Monroe, Louisiana, this 12th day of June 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] It is conceivable that defendants may re-remove this matter to federal court if, at a later date, it becomes "unequivocally clear and certain" that the amount in controversy does exceed $75,000. *See Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *8 n5 (S.D. Miss. May 29, 2009).